UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIA MAGANA-MENDOZA,

    Petitioner,

v.                                Case No. 13-C-963

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

    Maria Magana-Mendoza was convicted after pleading guilty to manufacturing 1,000 or more marijuana plants. She filed this petition pursuant to 28 U.S.C. § 2255, asserting that her incarceration is unconstitutional because it was the product of ineffective assistance of counsel. Petitioner raises a number of claims in her petition. The Respondent's answer indicates that there is no merit to any of her claims, with the exception of her claim that her attorney failed to file an appeal despite being told to do so. That assertion, if true, would give rise to an ineffective assistance claim regardless of the potential merit of any appeal.

    I will briefly address Petitioner's other claims. She argues that counsel was ineffective because he miscalculated her sentencing range and told her she would receive only a 12 month sentence. Yet she acknowledged at her plea hearing that she had read the Plea Agreement, which set forth a mandatory minimum sentence far higher than the range ultimately used by the court. She was also told the court would decide her sentence and that the attorneys' recommendations were not binding. This means that not only did she acknowledge that she knew she would be subject to a

higher sentence than 12 months, there can be no showing of prejudice. She also suggests that her attorney failed to challenge the purity of the marijuana, but that is not a material consideration when the conviction is based on the number of plants rather than their purity. Accordingly, these claims of ineffective assistance are **DISMISSED**.

As to the remaining claim that counsel failed to file a notice of appeal as Petitioner requested, the court hereby finds that by accusing her attorney of providing ineffective assistance by incorrectly advising her as to her sentence and disregarding her instruction to file an appeal, Petitioner has waived her attorney/client privilege as to these issues. Attorney Musolf is directed to respond to the Government's questions concerning these matters either by affidavit or in testimony before the court. The Government shall advise the court whether a hearing is needed within the next two weeks. In the event a hearing is needed, Attorney Musolf and Petitioner may appear by telephone.

**SO ORDERED** this <u>  30th  </u> day of September, 2013.

 s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court